UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C10-1072Z |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DAVID CORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

THIS MATTER comes before the Court on the Motion to Dismiss, docket no. 10, and Motion to Strike, docket no. 15, filed by Defendants David Cort, Bob Dalton, Bruce Hoskins, and Neil Sharp (collectively the "defendants"). Having reviewed the parties' briefing, the Court enters the following Order.

## I. Background

Plaintiff Michael Gutierrez is a former employee of Precision Engines, L.L.C. Mot., Ex. 1, docket no. 10. Plaintiff's employment was terminated on May 9, 2008. Id. Plaintiff filed a complaint with the Washington State Human Rights Commission ("WHRC") on March 6, 2008, alleging that Precision Engines discriminated against him based on his race, age, and disability. Id. Thereafter, plaintiff filed this lawsuit on June 29, 2010, alleging that several of Precision Engine's employees discriminated against him based on race and age. Compl., docket no. 3.

ORDER - 1

## II. Discussion

### A. Motion to Strike

In support of his opposition to the defendants' motion to dismiss, plaintiff filed a number of documents with the Court including (1) photographs of vintage automobiles; (2) documents detailing plaintiff's work experience; (3) documents describing the military service record of plaintiff's relatives; (4) plaintiff's medical records; (5) an unsworn statement by one of plaintiff's co-workers; and (6) other records and logs related to plaintiff's employment at Precision Engines. See Opp'n, Ex. 1, docket no. 14. Defendants move to strike the exhibit as irrelevant, and outside the scope of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which is confined to the pleadings, documents referenced therein, or documents subject to judicial notice. See Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030-31 (9th Cir. 2008); see also Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (holding that courts may consider documents submitted by defendants in connection with a motion to dismiss if the documents are referenced in the complaint). The Court GRANTS defendants' motion, Reply, docket no. 15, and STRIKES the documents attached as an exhibit to plaintiff's opposition brief.

### B. Motion to Dismiss

#### 1. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

ORDER - 2

liable for the misconduct alleged.  Id.   The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  A Court may also dismiss a claim that lacks a cognizable legal theory, or the absence of sufficient facts to form a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Defendants argue that the Court should dismiss plaintiff's federal discrimination claims because plaintiff has no cognizable claim for relief against the named defendants.   Defendants also argue that the Court should dismiss plaintiff's state law claims as unsupported by sufficient facts to state a plausible claim for relief.

### 2. Plaintiff's Federal Discrimination Claims

Title VII does not provide a cause of action against supervisors or co-workers.  Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2007).  Plaintiff's employer was Precision Engines, L.L.C., a Washington company,[1] not the individual defendants named in plaintiff's complaint.  Mot., Ex. 1, docket no. 10.  Plaintiff does not have a cognizable claim for relief against his co-workers or supervisors under Title VII.[2]

---

[1] The Court may take judicial notice of matters of public record whose accuracy cannot reasonably be questioned.   Fed. R. Evid. 201(a); Lee v. City of L.A., 250 F.3d 668, 689-90 (9th Cir. 2001).   Accordingly, the Court takes judicial notice of Precision Engines's corporate status for purposes of deciding the pending motion.  See Johnson v. Regents of Univ. of Cal., 2010 WL 2605090, *4 n.4 (N.D. Cal. 2010).

[2] The Court renders no opinion as to whether plaintiff has cognizable federal discrimination claims against his former employer, Precision Engines, which is not a party to this litigation.

ORDER - 3

### 3. Plaintiff's State Law Claims

#### a. Fraud Claim

Plaintiff's complaint does not identify any purportedly fraudulent conduct beyond the conclusory allegation of fraud in the caption of the complaint and a single vague reference to "fraudulent practices" in the first paragraph of the complaint. The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). Accordingly, plaintiff has failed to allege sufficient facts to state a claim for relief for fraud that is plausible on its face.

#### b. State Discrimination Claims

Although it is unclear whether plaintiff's complaint includes claims under Washington's Law Against Discrimination ("WLAD"), the Court has construed the complaint liberally to include such claims for purposes of deciding defendants' motion to dismiss. See Balistreri, 901 F.2d at 699 (holding that courts should construe pro se pleadings liberally). Unlike Title VII, the WLAD permits plaintiffs to bring discrimination claims against any person acting in the interest of an employer. RCW 49.60.040(3). Therefore, the WLAD does not preclude claims against co-workers or supervisors, provided the plaintiff can show that the individual defendant was acting in the employer's interest. Jenkins v. Palmer, 166 Wn. App. 671, 66 P.3d 1119 (2003).

Despite the broader applicability of the WLAD, the complaint alleges no facts that suggest that any of the individual defendants were acting in the interest of plaintiff's employer, Precision Engines, when they engaged in the purported instances of misconduct. Accordingly, plaintiff has

ORDER - 4

failed to plead sufficient facts to state plausible claims for relief under the WLAD against any of the individual defendants.

Moreover, plaintiff's complaint contains no factual allegations from which the Court can infer that defendants David Cort, Bob Dalton, or Neil Sharp engaged in any discriminatory conduct. For example, as to Mr. Cort, the complaint merely alleges that on December 2, 2007, he joined in a private meeting with Bob Dalton and Bruce Hoskins. Compl. at 8, docket no. 3. Speaking privately with other employees does not give rise to a claim for discrimination. Similarly, as to defendant Bob Dalton, in addition to the private meeting, the complaint alleges only that he did not work on St. Patrick's Day in 2008. Id. at 8-9. These allegations do not give rise to the inference of any discriminatory conduct. The complaint is devoid of any facts demonstrating that these three defendants discriminated against plaintiff based on his race or age.

    4.  Leave to Amend

If a court dismisses the complaint, or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that a pro se plaintiff can correct the deficiencies in his pleadings. Id. at 1130-31. But leave to amend need not be granted if the amendment would be futile. Ventress v. Japan Airlines, 603 F.3d 676, 680 (9th Cir. 2010).

The Court concludes that plaintiff can plead no set of facts that would state a plausible claim for relief under federal discrimination laws against the individual defendants. The Court cannot conclude, however, that plaintiff can plead no set of facts that would state a plausible claim for

ORDER - 5

relief under state law.   Accordingly, the Court GRANTS plaintiff leave to file a First Amended Complaint.

## III.   Conclusion

The Court GRANTS defendants' motion to dismiss, docket no. 10, and DISMISSES plaintiff's federal discrimination claims against the defendants with prejudice.   The Court DISMISSES plaintiff's state law discrimination and fraud claims without prejudice.   The Court further GRANTS plaintiff leave to amend his complaint consistent with this Order.   Plaintiff shall file his First Amended Complaint by January 31, 2011.   The Court advises plaintiff that failure to file an amended complaint by the deadline may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

DATED this 21st day of December, 2010.

　　　　　　　　　　　　　　　　　　　　／s／ Thomas S. Zilly
　　　　　　　　　　　　　　　　　　　　Thomas S. Zilly
　　　　　　　　　　　　　　　　　　　　United States District Judge