UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C10-1072Z |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DAVID CORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

   THIS MATTER comes before the Court on the motion to dismiss, docket no. 24, filed by defendant Precision Engines, LLC ("Precision"). Precision moves to dismiss plaintiff's amended complaint, docket no. 24, for insufficiency of service of process under Fed. R. Civ. P. 12(b)(5), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff submitted a certificate of service of process indicating that he served the summons and complaint on "Precision Air" via the United Parcel Service. Cert. of Serv. at 3, 8, docket no. 29. Plaintiff has not served the summons

ORDER - 1

and complaint on the correct entity.  Moreover, plaintiff has failed to follow the proper procedure for effecting service by mail.  See Fed. R. Civ. P. 4(e)(1) (authorizing service of process in any manner provided by state law); Wash. Sup. Ct. Civ. R. 4(d)(4) (permitting service by mail in limited circumstances that would otherwise justify service by publication under RCW 4.28.100-.110, provided the plaintiff complies with certain requirements and obtains Court approval).

Generally, a plaintiff must serve the defendant with copies of the summons and complaint within 120 days after filing the complaint.  Fed. R. Civ. P. 4(m).  For a defendant added as a party by an amended complaint, the 120-day deadline commences after filing of the amended complaint.  See McGuckin v. United States, 918 F.2d 811, 813 (9th Cir. 1990) (holding that the 120-day deadline for serving the summons and complaint found in Fed. R. Civ. P. 4(m)[1] restarts as to a defendant first added as a party by an amended complaint).  Here, plaintiff filed his amended complaint on January 21, 2011.  Am. Compl., docket no. 24.  As such, under Rule 4(m), plaintiff has until May 21, 2011 to properly serve Precision with the summons and complaint.  However, in light of plaintiff's pro se status, and the leniency generally afforded to pro se litigants, the Court GRANTS plaintiff an additional sixty days, until **July 20, 2011**, to serve Precision with signed and completed copies of the summons and amended complaint, consistent with the requirements of Fed. R. Civ. P. 4.

---

[1] McGuckin was decided under a prior version of the rule, when the 120-day deadline was originally found in subsection j.  See Fed. R. Civ. P. 4(j) (1990).

ORDER - 2

The Court ORDERS plaintiff to file proof of service of the summons and complaint no later than **July 21, 2011**.  The Court advises plaintiff that if he fails to timely serve Precision with the summons and amended complaint, consistent with the requirements of Rule 4, or fails to file timely proof of such service, the Court will grant Precision's motion, and dismiss plaintiff's remaining claims.

Pending plaintiff's compliance with the Court's Order to effect service, the Court DEFERS ruling on Precision's motion to dismiss, docket no. 34, and RENOTES the motion for consideration on July 22, 2011.  The parties shall file no further briefing or evidence in connection with the deferred motion unless requested by the Court.

The Court further RENOTES plaintiff's motion for mediation, docket no. 39, for consideration on July 22, 2011.  The Clerk is directed to send copies of this Minute Order to all counsel of record and to plaintiff pro se.

IT IS SO ORDERED.

DATED this 10th day of May, 2011.

_____
Thomas S. Zilly
United States District Judge

ORDER - 3