UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL GUTIERREZ, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. C10-1072Z |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DAVID CORT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This MATTER comes before the Court on Defendant Precision Engines, L.L.C's ("Precision") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b), docket no. 34, and Plaintiff's motion to appoint a pro bono mediator, docket no. 39. For the following reasons, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss. The Court DENIES, without prejudice, Plaintiff's motion to appoint a pro bono mediator.

ORDER - 1

## I. Background

Plaintiff Michael Gutierrez is a former employee of Precision. Mot., Ex. 1 (docket no. 10). Plaintiff's employment was terminated on May 9, 2008. Id. Plaintiff filed a complaint with the Washington State Human Rights Commission ("WHRC") on March 6, 2008, alleging that Precision discriminated against him based on his race, age, and disability. Id. Thereafter, Plaintiff filed this lawsuit on June 29, 2010, alleging that several of Precision's employees discriminated against him based on race and age. Compl. (docket no. 3).

On December 21, 2010, the Court dismissed Plaintiff's fraud and state law discrimination claims against the individual employees without prejudice. Order (docket no. 23). Plaintiff filed an amended complaint on January 1, 2011, adding Precision. Am. Compl. (docket no. 24). On March 23, 2011, the Court dismissed with prejudice Plaintiff's remaining claims against all individual Defendants. The remaining Defendant in this case, Precision, filed a motion on April 12, 2011, to dismiss Plaintiff's complaint for insufficiency of service of process (Fed. R. Civ. P. 12(b)(5)), and failure to state a claim (Fed. R. Civ. P. 12(b)(6)). On May 10, 2011, the Court issued an order to file proof of service of the summons and complaint no later than July 21, 2011, and deferred ruling on Precision's motion to dismiss, renoting the motion to July 22, 2011. Docket no. 42. Plaintiff filed proof of service of summons on June 22, 2011, docket no. 45, but has not otherwise responded to Plaintiff's motion to dismiss.

///

///

///

## II. Discussion

### A. Motion to Dismiss under Fed. R. Civ. P. 12(b)(5)

In response to the Court's order to file proof of service of summons, Plaintiff served Bob Dalton, sales manager for Precision Engines. In Defendant's reply to its motion to dismiss, Defendant argues Dalton was not the correct individual to serve because he is not a managing agent under Washington law, RCW 4.28.080(9) or under Fed. R. Civ. P. 4(h)(1)(B), and that therefore the Court should dismiss for insufficient service. Even assuming Dalton is not a "managing agent" and therefore lacked the requisite authority to accept service on behalf of Precision, Precision has received sufficient notice of the complaint, and it has not shown that it has been prejudiced by the defect. See Campagnolo S.R.L. v. Full Speed Ahead, Inc., No. 08-1372, 2009 WL 1788381 (W.D. Wash., June 22, 2009) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.") (citing United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).

### B. Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)

Precision argues in its motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) that: (1) Plaintiff's federal discrimination claim is barred by his failure to file charges with the EEOC within 300 days of the adverse employment action, or alternatively, by Plaintiff's failure to file suit within 90 days of receiving his right to sue letter from the EEOC; (2) Plaintiff has failed to allege facts giving rise to a state law discrimination claim; and (3) Plaintiff has failed to allege facts giving rise to his tort claims for fraud and negligence.

///

1. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). A Court may also dismiss a claim that lacks a cognizable legal theory, or the absence of sufficient facts to form a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Generally a court may not consider matters outside the pleadings in deciding a motion to dismiss under Rule 12(b)(6). See Fed. R. Civ. P. 12(d) (a court must treat a motion to dismiss as one for summary judgment where the parties present matters outside the pleadings for the Court's consideration).

2. Plaintiff's Federal Discrimination Claim

Defendant points to a document outside the pleadings – Plaintiff's charge filed with the Washington State Human Rights Commission – to support its argument that Plaintiff's Title VII claim is time-barred. In order to consider this document, the Court would need to construe the motion to dismiss as a motion for summary judgment under Fed. R. Civ. P. 12(d). See San Pedro Hotel, Co., Inc., v. City of Los Angeles, 159 F.3d 470, 477 (9th Cir. 1998). The Court declines to

construe the motion as a motion for summary judgment and DENIES Defendant's motion to dismiss Plaintiff's federal claim.

3. Plaintiff's State Discrimination Claim

Plaintiff appears to allege sufficient facts to state a claim for disparate treatment under state law. See Am. Compl. at 2, docket no. 24 (alleging that Plaintiff, a person of Hispanic descent, was terminated for damaging $200.00 worth of ignition leads, while two Caucasian employees were not even written up, despite damaging over $17,000.00 in ignition leads). Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's state discrimination claim.

4. Plaintiff's Claims of Fraud

"In alleging fraud…a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In Washington, to establish fraud, "the plaintiff must demonstrate: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) speaker's knowledge of its falsity; (5) speaker's intention that it shall be acted upon by the plaintiff; (6) plaintiff's ignorance of falsity; (7) reliance; (8) right to rely; and (9) damages." Chen v. State of Washington, 86 Wn. App. 183, 188 (1997).

The Court previously dismissed Plaintiff's fraud claims without prejudice. See Order (docket no. 23). Plaintiff has since amended his complaint, adding a string of statements punctuated with the word "fraud".[1] However, Plaintiff has failed to allege scienter, or even that

---

[1] See, e.g., Am. Compl. ¶ 7 ("(**_FRAUD_**) There are 7 pins from .150"-.157" 4 were commercially available so I had to find, clean, and measure the other size pins and put into labeled bags. Sometimes you have to bore the fixed orifice with a pin and 400

ORDER - 5

Plaintiff somehow relied on and was harmed by Defendant's fraudulent conduct. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's fraud claims and DISMISSES Plaintiff's fraud claims with prejudice.

    5. Plaintiff's Claim of Negligence

Plaintiff's negligence claim appears to be related to unsafe working conditions[2] and to injuries which he claims were acquired on the job.[3] However, when the State of Washington adopted the Washington Industrial Safety and Health Act, the Legislature abolished the courts' jurisdiction to hear negligence claims for personal work injuries, unless the employee was injured by the "deliberate intention" of his employer. RCW 51.04.010; See also Shellenbarger v. Longview Fibre Co., 125 Wn. App. 41, 45-46 (2004). Since Plaintiff has not alleged that his employer deliberately intended to injure him, or willfully disregarded actual knowledge that the injury would occur, the Court GRANTS Defendant's motion to dismiss Plaintiff's negligence claims and DISMISSES Plaintiff's negligence claims without prejudice.

## III. Conclusion

For the foregoing reasons, the Court hereby GRANTS in PART and DENIES in PART Defendant's motion to dismiss, docket no. 34, as follows. The Court:

---

grit sand paper wrapped around this pin and rotate inside this orifice and check cc flow per hour when very hot there were a set parameter of oil dispersion per hour.") (emphasis in original). See also id. ("There were many instances. Like not punching in for work at 6:00 A.M., when many times I was there at 5:15A.M[.] Or our name tags were taped to the wall…and anybody can punch in on your name tag and then you're [sic] work order with out [sic] you knowing and adding time to it without you knowing until later with a warning and further disciplines [sic]. (***FRAUD***)") (emphasis in original).

[2] For example, Plaintiff states that "In the @20'x25' room there were a few personnel that worked in this room and testing room out in the rear area of @35x50'x20' tall room with no ventilation and dealing with aviation lubricants and solvents and other smoky inhalants in the air." Compl. ¶ 4 (docket no. 3).

[3] For example, Plaintiff states that "I have submitted my last blood test which shows I still have *lead* in my blood 2 years later. I never worked with lead solder and other toxins in back room [sic] in such high concentrations before in my life." Am. Compl. ¶ 1 (emphasis in original).

ORDER - 6

(1) DENIES Defendant's motion to dismiss for insufficient service under Fed. R. Civ. P. 12(b)(5).

(2) DENIES Defendant's motion to dismiss Plaintiff's federal discrimination claim.

(3) DENIES Defendant's motion to dismiss Plaintiff's state discrimination claim.

(4) GRANTS Defendant's motion to dismiss Plaintiff's fraud claims and DISMISSES Plaintiff's fraud claims with prejudice.

(5) GRANTS Defendant's motion to dismiss Plaintiff's negligence claim and DISMISSES Plaintiff's negligence claim without prejudice, and with leave to amend. Any amended complaint alleging a negligence claim must be filed within 30 days of this Order.

(6) The Court hereby DENIES Plaintiff's motion to appoint a pro bono mediator, docket no. 39, without prejudice.

IT IS SO ORDERED.

DATED this 16th day of August, 2011.

Thomas S. Zilly
United States District Judge

ORDER - 7